IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TERRELL GREEN, and <br> BRITTANY SANDELL, <br><br> Plaintiffs, <br><br> vs. <br><br> QUAKE LOGISTICS LLC, and <br> KEVIN SHIPLEY, <br><br> Defendants. | Civil Action File <br> No. _____ <br><br> COMPLAINT <br><br> JURY DEMAND |

## COMPLAINT

Plaintiffs Terrell Green and Brittany Sandell ("Plaintiffs"), by and through counsel, file this Complaint against Defendant Quake Logistics, LLC ("Quake") and Kevin Shipley (collectively "Defendants") and allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff proper minimum wages.

In support of his claim, Plaintiffs assert as follows:

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiffs minimum wages during the periods March 2020 through June 2020 and November 2021.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA. Damages are proper pursuant to 29 U.S.C. §§ 206 and 216.

3. Venue as to Defendants is proper in this District because Defendants engages in business in this District and a substantial part of the events or omissions giving rise to this claim occurred in this District.

## THE PARTIES

4. Plaintiff Green is a citizen and resident of Georgia in this District.

5. Plaintiff Sandell is a citizen and resident of Georgia in this District.

6. The relevant period is three years prior to the filing of this complaint, April 1, 2019 through April 1, 2022.

7. Defendant Quake Logistics, LLC is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 320 W Lanier Avenue, Ste. 200, Fayetteville, GA, 30214.

8. Defendant Quake's registered agent for service of process is Kevin Shipley, 320 W Lanier Avenue, Ste. 200, Fayetteville, GA, 30214.

9. Defendant Quake had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

10. At all relevant times, Defendant Shipley was the owner, general manager, and/or primary decision maker for Quake Logistics, LLC.

11. Defendant Shipley can be served at 320 W Lanier Avenue, Ste. 200, Fayetteville, GA, 30214.

12. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

13. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

14. Plaintiffs were employed by Defendants as drivers.

15. At all relevant times, Plaintiffs were an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

16. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

**A. Defendant Shipley was Plaintiffs' Employer along with Quake, Jointly and Severally Liable under the FLSA for Unpaid Wages.**

17. Defendant Shipley had operational control of significant aspects of Quake's day to day functions.

18. Defendant Shipley had authority to sign checks on Quake's accounts.

19. Defendant Shipley had authority to executing contracts on behalf of Quake.

20. At all relevant times, Defendant Shipley acted directly and indirectly in the interest of Quake.

21. At all relevant times, Defendant Shipley was the owner of Quake.

22. At all relevant times, Defendant Shipley authority to determine Quake policies, procedures, and practices.

23. At all relevant times, Defendant Shipley had the authority to control and Plaintiff's workplace conditions.

24. At all relevant times, Defendant Shipley had the authority and control to determine Plaintiffs' compensation by Quake.

25. Defendant Knippenberg hired Plaintiffs.

26. At all relevant times, Defendant Shipley had the authority and control to terminate Plaintiffs' employment with Quake.

27. At all relevant times, Defendant Shipley had the authority to determine classify Plaintiff's relationship with Quake for payroll purposes.

28. At all relevant times, Defendant Shipley had the authority to determine Plaintiffs' wages.

29. At all relevant times, Defendant Shipley had the authority to determine Plaintiffs' job assignments with Quake.

30. At all relevant times, Defendant Shipley had the authority to determine Plaintiffs' work schedule with Quake.

31. At all relevant times, Defendant Shipley, as an owner, general manager, and/or primary decision maker for Quake with respect to policies, procedures and practices.

**B. Plaintiffs' Employment with Defendants.**

32. Defendants hired Plaintiffs in approximately March 2019.

33. Plaintiffs' employment with Defendants ended in approximately November 2021.

34. Plaintiffs were employed as drivers and their duties included driving, picking up loads from shipper and delivering to receivers, and cleaning and preparing trailers for loads.

35. Defendants maintained records of hours that Plaintiffs worked.

36. Defendants routinely denied Plaintiffs payment of minimum wage compensation required by the FLSA for all hours worked in a workweek.

37. Defendants willfully and/or deliberately failed to pay Plaintiffs their earned wages for hours worked in violation of the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS**
**UNPAID WAGES**

38. Plaintiffs reallege and incorporate by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

39. At all relevant times, Defendants was engaged in interstate commerce

and/or the production of services for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a).

40. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

41. At all relevant times, Defendant Quake was an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiffs) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

42. Defendant Quake had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

43. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiffs for all hours worked in violation of the FLSA.

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

45. Plaintiffs suffered damages due to Defendants' willful misconduct.

46. Due to Defendants' FLSA violations, Plaintiffs were damaged and are entitled to recover from Defendants compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

# **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs respectfully requests a trial by jury and that this Court grant the following relief:

A. An award of compensation for unpaid wages to Plaintiffs;

B. An award of all liquidated damages for unpaid wages to Plaintiffs;

C. All such legal or equitable relief available pursuant to 29 U.S.C. § 216;

D. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiffs; and

E. Such other and further relief as this Court deems just and proper.

Respectfully submitted this April 14, 2021,

                                                            **HALL & LAMPROS, LLP**

                                                            */s/ Gordon Van Remmen*
                                                            Gordon Van Remmen
                                                            Ga. Bar # 215512
                                                            Brittany A. Barto
                                                            Ga. Bar # 501673

400 Galleria Pkwy SE, Suite 1150
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiffs*